**In re ACCORD GROUP, INC., Debtor.**

**Bankruptcy No. 93–01865–5–ATS.**

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Aug. 15, 1997.

Gregory B. Crampton, Nicholls & Crampton, P.A., Raleigh, NC, Chapter 7 Trustee.

Walter A. Tippett, Jr., Ragsdale, Liggett & Foley, Raleigh, NC, for Terry's Floor Fashions.

## ORDER ALLOWING OBJECTION TO CLAIM

A. THOMAS SMALL, Chief Judge.

The matter before the court is the objection filed by Gregory B. Crampton, the chapter 7 trustee for Accord Group, Inc., to the claim of Terry's Floor Fashions, Inc. (Claim No. 24) in the amount of $51,251.46. A hearing was held in Raleigh, North Carolina on August 6, 1997. The objection will be allowed.

The basic facts are not disputed. Mr. Crampton brought an adversary proceeding against Terry's Floor Fashions, Inc. to recover a preferential transfer that resulted in a $20,153.05 judgment dated May 2, 1995. Terry's paid the judgment, a certification of satisfaction was filed on July 5, 1995, and on July 17, 1995, Terry's filed an amended proof

of claim that added $20,920 to its prior proof of claim (Claim No. 1).

 Mr. Crampton contends that Terry's amended claim was not timely filed and should be disallowed. Specifically, Mr. Crampton argues that under Federal Rule of Bankruptcy Procedure 3002(c)(3), the time for filing the proof of claim was June 11, 1995, 30 days after May 12, 1995, the date that the judgment of May 2, 1995, became final.

Terry's argues that the 30–day time period started to run when the judgment was paid rather than when the judgment became final. That interpretation, however, ignores the plain language of Rule 3002(c)(3).

Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure provides that in a chapter 7 case a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors except:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property.

Fed. R. Bankr.P. 3002(c)(3).

In this case the time for filing a proof of claim within 90 days of the meeting of creditors had expired, and due to the judgment to recover a preferential transfer, the time for filing a proof of claim is governed by Rule 3002(c)(3). It is true that even if the claim were filed, it would not be allowable pursuant to Rule 3002(c)(3) and 11 U.S.C. § 502(d) until the preferential transfer was repaid. That, however, does not affect the time within which the claim must be filed, i.e. within 30 days after the judgment becomes final. The judgment of May 2, 1995, became final on May 12, 1995, when no appeal was filed. Consequently, Terry's proof of claim, filed on July 17, 1995, was late.

 Terry's also argues that its tardiness should be excused because the trustee did not advise Terry's that it had to file the claim within 30 days after the judgment became final. The trustee has no duty to provide that information.

The result in this case may be harsh, but the rule is abundantly clear. Accordingly, the trustee's objection to Claim No. 24 is **ALLOWED**, and Terry's Claim No. 24 is **DENIED**. This order shall not affect the allowance of prior claims by Terry's.

**SO ORDERED.**